NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATAGONIA AREA RESOURCE
ALLIANCE; et al.,

             Plaintiffs-Appellants,

v.

UNITED STATES FOREST SERVICE;
KERWIN S. DEWBERRY, Forest
Supervisor, Coronado National Forest,

             Defendants-Appellees,

  and

ARIZONA STANDARD LLC; SOUTH32
HERMOSA, INC., AKA Arizona
Minerals, Inc.,

             Intervenor-Defendants-
             Appellees.

No.    23-16167

D.C. No. 4:23-cv-00280-JGZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted March 25, 2024
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Patagonia Area Resource Alliance, et al. (Appellants), appeal the district court's denial of their motion for a preliminary injunction against drilling activities on two mining projects located within the Coronado National Forest, Arizona Standard LLC's Sunnyside Project and South32 Hermosa Inc.'s Flux Canyon Project. We have jurisdiction pursuant to 28 U.S.C. § 1292 and we affirm in part and dismiss in part.

A district court's preliminary injunction order "is subject to limited review and will be reversed only if the district court 'abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact.'" *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120–21 (9th Cir. 2005), *as amended* (citation omitted). In determining whether a party is entitled to a preliminary injunction, the court considers likelihood of success on the merits, irreparable harm, the balance of equities, and the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[1]

**1.** The district court did not abuse its discretion in concluding that

---

[1]   At oral argument, the parties agreed that drilling for the Flux Canyon Project had been completed, rendering this portion of the appeal moot. *See Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1208–09 (9th Cir. 2021). We dismiss the appeal as to this project.

Appellants were unlikely to succeed on the merits of their claims under the National Environmental Policy Act (NEPA).

Addressing the Sunnyside Project, Appellants argue that the United States Forest Service (USFS) inadequately considered the cumulative effects of the now completed Flux Canyon Project, in addition to two other upcoming projects. We disagree. The USFS took a hard look at the cumulative impact in the table contained in its environmental assessment (EA), and was not required to separately discuss the Flux Canyon Project in its narrative analyses. *See Cascadia Wildlands v. Bureau of Indian Affairs*, 801 F.3d 1105, 1112 (9th Cir. 2015). The USFS did not arbitrarily omit the Hermosa Critical Minerals Project (CMP) from its EA because the available information—which came largely from press releases that included neither a project timeline nor a plan of operations—was too speculative to trigger a duty to supplement the EA. *See North Idaho Cmty. Action Network v. Dep't of Transp.*, 545 F.3d 1147, 1154–55 (9th Cir. 2008) (requiring a supplemental analysis if "there are significant new circumstances or information," unless the information is not sufficient to "meaningfully evaluate the environmental impacts of any potential [project]") (citation omitted).[2] And the

_____

[2] This determination is without prejudice to Appellants' ability to seek a supplemental analysis if sufficient information becomes available to trigger the USFS's obligation under 40 C.F.R. § 1502.9(d)(1)(ii). We do not agree with the

3

EA's analysis of the Hermosa Project was consistent with all available information that warranted "meaningful consideration" from the agency. *Environmental Prot. Info. Ctr. v. USFS*, 451 F.3d 1005, 1014 (9th Cir. 2006).

Next, Appellants contend that the USFS failed to take a "hard look" at the impact the Sunnyside Project would have on the Mexican spotted owl. However, the USFS analyzed the project's temporary impact on the owl, observing that the affected portion of the owl's habitat was "relatively small," and would be "reclaimed and restored." The USFS also estimated the project's ground-level noise impact, and prohibited any drilling activities during the owl's nesting season. Although Appellants point to shortcomings contained in studies relied on by the USFS, those shortcomings did not impact the USFS's ultimate analysis. *See Earth Island Inst. v. USFS*, 351 F.3d 1291, 1301 (9th Cir. 2003) ("[A]n agency is entitled to wide discretion in assessing the scientific evidence, . . . [and] courts must defer to the informed discretion of the responsible federal agencies. . . .") (citation omitted).

Finally, Appellants assert that the USFS failed to reasonably evaluate

---

USFS's position that it may delay consideration of the cumulative impact of the Sunnyside Project and the Hermosa CMP until it conducts the approval process for the Hermosa CMP.

the baseline conditions of the groundwater in the Sunnyside Project area. But baseline conditions need not be directly measured if they were evaluated under another reasonable method. *See Or. Nat. Desert Ass'n v. Rose*, 921 F.3d 1185, 1191 (9th Cir. 2019). The USFS's reliance on studies conducted within the Cienega Creek Basin was reasonable, especially when the method suggested by Appellants would require performance of the very drilling activities to which they object. And because NEPA "does not require adherence to a particular analytic protocol," we defer to the USFS's chosen method. *Id.* (citation omitted).

**2.** The district court did not abuse its discretion in concluding that the Sunnyside Project would not cause irreparable harm to the Mexican spotted owl or to the underlying environs. The district court concluded that any effects on the owl's local population will be "short-term," and the Sunnyside Project proposes reclamation of all affected areas. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1090 (9th Cir. 2014), *as amended* (explaining that "short-term harms" do not "implicate NEPA") (citation omitted).

**3.** The district court did not abuse its discretion in deciding that the balance of equities and public interest was not favorable to either party. Although we recognize an interest in "preserving nature and avoiding irreparable environmental injury" over economic concerns, *All. for the Wild Rockies v.*

5

*Cottrell*, 632 F.3d 1127, 1138 (9th Cir. 2011) (citation omitted), that consideration becomes less important when likelihood of success on the merits has not been demonstrated. *See California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018).

**AFFIRMED IN PART; DISMISSED IN PART.**